**CAMPBELL SOUP COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 23769.

United States Court of Appeals
Fifth Circuit.

June 21, 1967.

George E. Seay, Dallas, Tex., Robert McWhirter, Paris, Tex., McWhirter & Braswell, Paris, Tex., Malone, Seay & Gwinn, Dallas, Tex., of counsel, for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Frank H. Itkin, Atty., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Nancy M. Sherman, Atty., N.L.R.B., Washington, D. C., for respondent.

Before BELL, GODBOLD, and DYER, Circuit Judges.

PER CURIAM:

This case comes to us on the petition of Campbell Soup Company to set aside the Board's order, and on the cross petition of the Board to enforce the order.

Campbell asserts that it was denied procedural due process in several respects by the Trial Examiner. We find no merit in these contentions. There is also ample support in the record considered as a whole to support the findings that Campbell violated § 8(a) (1) of the Act, 29 U.S.C.A. § 158(a) (1), by interrogating and threatening employees with regard to their union activity. The portion of the order relating to these violations will be enforced.

The order deals, in addition, with a company rule relating to the distribution of written or printed material in the plant and on company property, and with another rule governing the unauthorized solicitation for contributions, memberships or sales during company working hours. The Board concluded that these rules were overbroad in the area of union activity to the extent that they prohibited distribution or solicitation during a particular employee's non-work-

ing time, and in parts of the plant set aside for breaks, lunchrooms or rest rooms. Both rules were held invalid. Cf. Republic Aviation Corp. v. N.L.R.B., 1945, 324 U.S. 793, 65 S.Ct. 982, 89 L.Ed. 1372; Brewton Fashions, Inc. v. N.L.R.B., 5 Cir., 1966, 361 F.2d 8; N.L.R.B. v. Mira-Pak, Inc., 5 Cir., 1965, 354 F.2d 525; N.L.R.B. v. Southwire Company, 5 Cir., 1965, 352 F.2d 346; N.L.R.B. v. Plant City Steel Corporation, 5 Cir., 1964, 331 F.2d 511; N.L.R.B. v. Linda Jo Shoe Company, 5 Cir., 1962, 307 F.2d 355; and N.L.R.B. v. Walton Manufacturing Company, 5 Cir., 1961, 289 F.2d 177.

 The rule relating to the distribution of written or printed material here is not a model of clarity but, nevertheless, it does not prohibit employees, on non-working time, from distributing material in behalf of a labor organization in non-working areas of the plant. This was the concern of the Board and is the proscription set out in the Board order with respect to the distribution rule. It follows that the part of the order which relates to this rule will not be enforced.

 The other rule provides that there may be no " * * * Unauthorized solicitation for contributions, memberships or sales during Company working hours." This rule is vague and indefinite. It may reasonably be interpreted to mean that there may be no solicitation whatever during company working hours. An employee, as Campbell concedes, has the right to solicit his fellow employees during their non-working time even though the solicitation is during company working hours. Campbell asserts that the rule has not been otherwise applied but we cannot say that the Board's finding is without support. The order provides that Campbell may not prohibit its employees, during non-working time, from soliciting their fellow employees to join a labor organization. To avoid vagueness in the order itself, we construe the non-working time language of this paragraph of the

order as applying to the employee doing the soliciting and to the employee being solicited and, as such, it will be enforced.

Enforced in part; denied and set aside in part.