**COIL–A.C.C., INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 82–1502, 82–1607.

United States Court of Appeals, Sixth Circuit.

July 25, 1983.

Terrance L. Ryan (argued), Marshall, Melhorn, Cole, Hummer & Spitzer, Toledo, Ohio, for petitioner.

Elliott Moore, Lynne Deitch (argued), Deputy Associate Gen. Counsel N.L.R.B., Washington, D.C., for respondent.

Before ENGEL and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

## ORDER

This case is before the Court upon petition of Coil-A.C.C., Inc. (Coil/Company) to set aside a Decision and Order of the National Labor Relations Board (NLRB/Board), reported at 262 NLRB No. 12, requiring Coil to (1) cease and desist interfering with, restraining or coercing the employees of Coil in the exercise of their rights guaranteed under 29 U.S.C. § 157, (2) reinstate with back pay and benefits Rick Cornelison and (3) recognize and bargain with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union 20 (Union), as the exclusive bargaining representative of all employees in a bargaining union defined in the Order. The Board has filed a cross-application for enforcement of its order. This Court has jurisdiction pursuant to 29 U.S.C. § 160(e) and (f).

The following operative facts, contained in the Board's Order, are supported by substantial evidence on the record considered as a whole and therefore conclusive. 29 U.S.C. § 160(e); *General Motors Corp., Inc. v. NLRB,* 700 F.2d 1083, 1088 n. 3 (6th Cir.1983). Coil is an Ohio corporation engaged in the manufacture and wholesale distribution of rain gutters and downspouts. Coil's small work force of four employees signed cards authorizing the Union to represent them. On June 20, 1978 Union business agent Gerald Anderson (Anderson) contacted Coil's owner, Joseph Oliver (Oliver), and requested that Oliver recognize and bargain with the Union as the representative of Coil's employees. That same day the Union petitioned the Board for an election.

Upon Anderson's departure, Oliver individually confronted employees Rick Cornelison (Cornelison), John Cornelison and Oliver Stahl (Stahl) concerning their union sympathies. During these confrontations Oliver stated that he "couldn't afford to deal with the union and they weren't worth a shit"; on at least three separate occasions Oliver forewarned that he would cease operations at the plant and renew business operations elsewhere if necessary before he would permit unionism. Two days later, on June 22, 1978, Rick Cornelison was separated from employment.

The Board adjudged that Coil violated 29 U.S.C. § 158(a)(1) by threatening, coercing and restraining its employees in the exercise of their rights guaranteed under 29 U.S.C. § 157 by (a) interrogating employees as to Union sympathies and (b) threatening to close the company upon entry of Union representation and (c) discharging Rick Cornelison. An Order was entered requiring Coil to cease and desist from such activities. Additionally, the following encompassing injunctive relief was issued requiring Coil to cease and desist from

(d) *In any other manner* interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them in Section 7 of the Act. (emphasis added)

On appeal Coil has not challenged the sufficiency of the evidence to support the Board's determination that Coil had committed unfair labor practices as detailed heretofore. Indeed, interrogations which tend to interfere with the free exercise of employees' rights violate § 158(a)(1). *NLRB v. Solboro Knitting Mills, Inc.,* 572 F.2d 936, 939–40 (2d Cir.), *cert. denied,* 439 U.S. 864, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978); *NLRB v. Armstrong Circuit, Inc.,* 462 F.2d 355, 357 (6th Cir.1972). Threats of shutdown also constitute violations of § 158(a)(1). *NLRB v. Buckhorn Hazard Coal Corp.,* 472 F.2d 53, 55 (6th Cir.1973); *NLRB v. Southern Electronics Co.,* 430 F.2d 1391, 1393 (6th Cir.1970).

Coil does assert, however, that the Board abused its discretion by imposing the broad injunctive relief mandating it to cease and desist from committing unfair labor practices "[i]n any other manner". It is well-settled that

[s]uch an order is warranted only when a respondent is shown to have a proclivity to violate the Act, or has engaged in such egregious or widespread misconduct as to demonstrate a general disregard for the employees' fundamental statutory rights.

*Hickmott Foods, Inc.,* 242 NLRB No. 177 (1979); *NLRB v. Express Publishing Co.,* 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930 (1941); *NLRB v. Blake Construction Co., Inc.,* 663 F.2d 272, 284–86 (D.C.Cir.1981) (citing cases). In the case at bar, the Board was clearly justified in concluding that Coil manifested a general disregard for the fundamental statutory rights of its employees.

The Board concluded that Coil's June 22, 1978 discharge of Rick Cornelison, and failure to reinstate him thereafter, discouraged membership in the Union and discriminated against him because of Union activities thereby committing an unfair labor practice in violation of 29 U.S.C. § 158(a)(3). Reinstatement of Cornelison with back pay and benefits was ordered. On appeal Coil submits that the Board failed to demonstrate a *prima facie* case of discriminatory motive in the discharge of Cornelison, observing: (1) no discriminatory action was taken against John, Rick's brother; (2) the other employees who were "interrogated" were even more sympathetic to the Union than Cornelison and they were not discharged: (3) there is no evidence that Oliver was cognizant of Rick's involvement with the Union. Coil additionally maintains that any *prima facie* case presented was effectively rebutted by evidence establishing that Coil's decision to replace Cornelison with Daryll Carr, an alleged superior employee, constituted a legitimate and sound business decision and demonstrated that Rick would have been discharged in the absence of protected activity.

The abruptness and timing of Cornelison's discharge, and language used by Oliver,[1] clearly support a *prima facie* demonstration of discriminatory discharge. Further, there had been no complaints of his work, the reason given to him for discharge (reduction in force necessary due to declining workload) was false since additional persons were immediately hired, and Carr did not replace Cornelison since Cornelison worked the elbow machine almost ex-

---

1. When Cornelison questioned the reason for his termination Oliver responded "We have no coil and I think you really know why."

clusively whereas Carr operated it only five hours per week. The Board's determination that Coil committed an unfair labor practice by discharging Cornelison is aptly supported by the record. Also, no error may be assigned to the Board's utilization of the mixed motive test articulated in *Wright Line, Inc.,* 251 NLRB 1083 (1980), enf'd., 662 F.2d 899 (1st Cir.1981), *cert. denied,* 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982). *See: NLRB v. Transportation Management Corp.,* —— U.S. ——, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983).

■ The Board determined that Coil, by failing and refusing to recognize and bargain with the Union as the exclusive bargaining representative of the employees, committed an unfair labor practice within the meaning of 29 U.S.C. § 158(a)(5). Coil was Ordered to recognize and bargain collectively with the Union. Such a bargaining Order is appropriate if the employer has committed unfair labor practices that "have the tendency to undermine majority strength and impede the election processes," and where the possibility of erasing the effects of past practices and of ensuring a fair election by the use of traditional remedies, although present, is "slight". *NLRB v. Gissel Packing Co.,* 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). *See also: NLRB v. Lou De Young's Market Basket, Inc.,* 430 F.2d 912, 914 (6th Cir.1970). This Court concludes that the *Gissel* criteria have been satisfied in the case at bar.

On appeal Coil assigns as error the Board's refusal to reopen the record ostensibly to demonstrate that only one of the original employees was, over a year later, still employed by Coil and that it would be improper to assume that the new complement of employees would desire a union. Further, Coil has appended to its appellate brief an affidavit of Oliver dated September 29, 1982, wherein affiant maintains that in August, 1981 Coil merged with Sweet Company to form Gutter Supplies, Inc.; as of September 29, 1983, Gutter employed seven individuals none of whom had worked for Coil in June of 1979 when the alleged unfair labor practices transpired. In its appellate brief, Coil submits that the affidavit demonstrates a total change of personnel thereby conclusively vitiating any legal fiction that the Union still possesses a majority status.

■ This Court finds no error in the Board's refusal to reopen the record. Further, the affidavit appended to Coil's brief is not properly before this Court. Procedurally, Coil must move this Court for remand to the Board for consideration of this "new evidence". 29 U.S.C. § 160(e). No such motion has been filed. Further, such a motion, if considered *sua sponte,* would be denied. Oliver's affidavit states that Coil merged with Sweet Co. on August 15, 1981. However, Coil's motion to the Board to reopen the record was filed on December 2, 1981, a date subsequent to merger. Accordingly, the instant "evidence" could have been presented to the Board and Coil possesses "no reasonable grounds for the failure to adduce such evidence in the hearing before the Board." 29 U.S.C. § 160(e).

Further, even if the change of employee complement was of record, it was incumbent upon Coil to further affirmatively produce evidence that the new employees do not support a union. *Fotomat Corp. v. NLRB,* 634 F.2d 320, 327 (6th Cir.1980). No such demonstration has been made. Should the present employees not desire a union, as Coil attempts to demonstrate through inadmissible evidence, a decertification may be sought.

Accordingly, the Decision and Order of the Board is ENFORCED.

KRUPANSKY, Circuit Judge, concurring in part and dissenting in part.

I fully concur in the majority opinion with the following exception. The record fails to support the proposition that Coil possesses a "proclivity to violate the Act, or has engaged in such egregious or widespread misconduct as to demonstrate a general disregard for the employees' fundamental statutory rights." *Hickmott Foods, Inc., supra.* The continuous and interrelat-

ed events of June 20 to 22, 1978 are simply the first and last *isolated* violations of the Act which, as the Supreme Court has admonished, do

> not justify an injunction broadly to obey the statute and thus subject the defendant to contempt proceedings if he shall at any time in the future commit some new violation unlike and unrelated to that which he was originally charged.

*NLRB v. Express Publishing Co.,* 312 U.S. 426, 435–36, 61 S.Ct. 693, 699, 85 L.Ed. 930 (1941). Therefore the Order requiring Coil to cease and desist from "in any other manner interfering with, restraining, or coercing employees" should not be enforced and I would remand to modify the enforcement order by deleting the broad controversial phrase to which exception has been taken.