959 F.2d 236
 139 L.R.R.M. (BNA) 2936
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TEAMSTERS LOCAL UNION NO. 293, A/W International Brotherhood
of Teamsters, Chauffeurs, Warehousemen and Helpers
of America, AFL-CIO, Petitioner Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent Cross-Petitioner.
 Nos. 91-5461, 91-5535.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1992.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Teamsters Local Union No. 293 petitions for review of an order of the National Labor Relations Board which found that they had engaged in unfair labor practices in violation of §§ 8(b)(1)(a) and 8(b)(2) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. The Board has filed a cross-petition seeking enforcement of its order. Neither party has requested oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Three consolidated charges were filed against the union alleging that they had caused the termination of three employees, and subsequently administered their referral system in a discriminatory manner against the charging parties, based on their association with opposition candidates in a union election. A hearing was held before an Administrative Law Judge, who found the union guilty of the unfair labor practices as charged. The Board affirmed the ALJ's findings.
 
 
 3
 Upon review, it is concluded that the Board's order is supported by substantial evidence. See Thomas Industries, Inc. v. NLRB, 687 F.2d 863, 866 (6th Cir.1982). The ALJ credited the uncontradicted testimony at the hearing that a union official admitted that he had instigated the termination of the charging parties based on their association with the opposition candidates in a union election. The credibility resolutions of the ALJ must be affirmed unless inherently unreasonable. Thomas, 687 F.2d at 866. Moreover, the varying explanations asserted by the union to justify the terminations were shown to be false, and the Board was therefore justified in inferring that the real reason for the terminations was unlawful. Cf. Coil-A.C.C., Inc. v. NLRB, 712 F.2d 1074, 1076-77 (6th Cir.1983). The finding that the union administered its referral system in a discriminatory manner is also supported by substantial evidence. The dispatcher testified at the hearing that his criteria for referring applicants to jobs were completely undocumented. Such a system presumptively results in unfair labor practices. See Local Union No. 277, International Brotherhood of Painters v. NLRB, 717 F.2d 805, 809-10 (3d Cir.1983). The testimony of the charging parties established that the referral system was administered in a discriminatory fashion.
 
 
 4
 Accordingly, the application for review of the Board's order is denied and the application for enforcement of the order is granted. Rule 9(b)(3), Rules of the Sixth Circuit.